# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| ACA INTERNATIONAL and SPECIALIZED COLLECTION SYSTEMS, INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> CONSUMER FINANCIAL PROTECTION BUREAU and RUSSELL VOUGHT, in his official capacity as Acting Director of the CFPB, <br><br> *Defendants*. | No. 4:25-cv-00094 |

## MOTION TO STAY PROCEEDINGS

Defendants the Consumer Financial Protection Bureau and Russell Vought, in his official capacity as Acting Director of the Bureau,[1] respectfully move for a 90-day stay of this litigation to allow the Bureau's newly designated Acting Director time to consider the rule challenged by Plaintiffs in this action, "Prohibition on Creditors and Consumer Reporting Agencies Concerning Medical Information (Regulation V)" (Rule), 90 Fed. Reg. 3276 (Jan. 14, 2025). Because the effective date of the Rule has already been stayed for a 90-day period by another court, Plaintiffs will not be prejudiced by a short stay of this matter, and the stay will preserve the Court's and the parties' resources by not having to consider or brief an agency action before the agency has determined whether to revisit it.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Acting Director Vought is automatically substituted as a party in this action.

1

I. **Nature and Stage of the Proceedings**

Plaintiffs ACA International and Specialized Collection Systems, Inc. initiated this action on January 8, 2025 challenging the validity of the Rule on multiple grounds. *See* Compl., ECF No. 1. Over two weeks later, on January 24, Plaintiffs moved for a preliminary injunction, seeking to stay the rule pursuant to 5 U.S.C. § 705. *See* Mot. at 6, ECF No. 14. Defendants' opposition to Plaintiffs' motion for preliminary injunction is currently due February 14. *See* L.R. 7.3, 7.4(A).

II. **Statement of Relevant Facts**

On February 7, 2025, the President designated Director of the Office of Management and Budget Russell Vought to serve as Acting Director of the Bureau. The Bureau's new leadership needs time to review and consider its position on various agency actions, including the Rule.

An earlier-filed action challenging the same Rule is pending in the U.S. District Court for the Eastern District of Texas. *Cornerstone Credit Union League, et al. v. Consumer Financial Protection Bureau, et al.*, No. 4:25-cv-00016-SDJ. To preserve the status quo while allowing the Acting Director time to consider the Rule, Defendants agreed in that action to a 90-day stay of the effective date of the Rule under 5 U.S.C. § 705. *Cornerstone Credit Union League, et al. v. Consumer Financial Protection Bureau, et al.*, No. 4:25-cv-00016-SDJ, ECF No. 23 (Feb. 5, 2025) (attached as Exhibit A). On February 6, 2025, the court in that action entered such a stay, thereby extending the Rule's effective date from March 17, 2025 until June 15, 2025—and correspondingly stayed that litigation for 90 days. *See Cornerstone*, No. 4:25-cv-00016-SDJ, ECF No. 24 (Feb. 6, 2025) (attached as Exhibit B).

**III.     Statement of Issues**

The sole question presented in this motion is whether the Court should stay proceedings in this action, where Plaintiffs will face no prejudice from a brief stay, and a stay would allow time for the Bureau's Acting Director to determine whether to reconsider the Rule, thus preventing the Court from having to consider the validity of an agency action before the agency has had time to revisit it. The decision to stay a case is an issue left to this Court's discretion. *See Dominguez v. Hartford Fin. Servs. Grp., Inc.*, 530 F. Supp. 2d 902, 905 (S.D. Tex. 2008).

**IV.     Summary of Argument**

The effective date of the Rule challenged by Plaintiffs in this action has already been stayed for 90 days by another court. Because the status quo has thus been preserved for 90 days, Plaintiffs will suffer no prejudice if the Court were to grant Defendants' request for a 90-day stay of this litigation. Denial of a stay, however, would prejudice Defendants and the public, as it would deprive the Acting Director time to consider the Rule to ensure it is consistent with the public interest, and it would waste judicial resources, requiring the Court to consider an issue before the agency has determined whether to revisit it.

**V.     Argument**

"A district court has the inherent power to stay cases to control its docket and promote efficient use of judicial resources." *Coker v. Select Energy Servs., LLC*, 161 F. Supp. 3d 492, 494–95 (S.D. Tex. 2015). The decision on whether to stay a pending matter "is ordinarily within the trial court's wide discretion to control the course of litigation[.]" *Dominguez*, 530 F. Supp. 2d at 905. In determining whether to grant a stay, courts in this district generally consider three factors: "(1) the potential prejudice to plaintiffs from a brief stay; (2) the hardship to defendants if the stay is denied; and (3) the judicial efficiency in terms of the simplifying or complicating of

issues, proof, and questions of law which could be expected to result from a stay." *Coker*, 161 F. Supp. 3d at 495. Each of these factors counsels in favor of granting a stay of this action.

First, Plaintiffs will face no prejudice from a 90-day stay of this litigation compared to the status quo ante before the Bureau agreed to stay the effective date of the Rule. The effective date of the Rule they challenge has already been stayed for a 90-day period, and its effective date now is not until June 15. *See* Exhibit B. Accordingly, a stay of this litigation leaves Plaintiffs in the same position they would have been in had the Rule's effective date not been extended: Their preliminary injunction motion was slated to be fully briefed 24 days before the original effective date, and if these proceedings are stayed, it will be fully briefed 24 days before the extended effective date.

Second, Defendants and the public would face significant hardship if a stay is not granted. Defendants' opposition to Plaintiffs' Motion for Preliminary Injunction is due February 14, and the Bureau's Acting Director will not have had time to review the Rule and determine whether revisiting the Rule would be in the public interest in that time.

Third, a stay will promote judicial efficiency, as it will allow the Court to avoid having to determine issues about an agency regulation before the agency has had a chance to determine whether to revisit it.

Because the status quo has thus been preserved for 90 days, and to afford the Acting Director time to consider the Rule to ensure it is consistent with the public interest, the Bureau requests that this Court stay this matter for a period of 90 days from the date of the Court's order, and that the stay toll all briefing deadlines, including Defendants' deadline to oppose Plaintiffs' pending Motion on Application for Preliminary Injunction (ECF No. 14) for the duration of the stay.

## VI. Conclusion

For the reasons described above, Defendants respectfully request that the Court: (1) grant Defendants' Motion to Stay and stay this matter for a period of 90 days from the date of the Court's order; and (2) toll all current deadlines, such that Defendants' deadline to oppose Plaintiffs' pending Motion on Application for Preliminary Injunction (ECF No. 14) will be due on May 15, 2025.

Date: February 12, 2025

Respectfully submitted,

Steven Y. Bressler
   *Deputy General Counsel*
Kristin Bateman
   *Assistant General Counsel*

*/s/ Amanda J. Krause*
Amanda J. Krause (N.Y. Reg. No. 5323357)
      (Attorney in charge; *pro hac vice*)
Andrea J. Matthews (M.A. Bar No. 694538)
      (*pro hac vice*)
   Senior Counsel
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552
(202) 435-7965 (phone) (Krause)
(202) 407-2324 (phone) (Matthews)
(202) 435-7024 (fax)
Amanda.Krause@cfpb.gov
Andrea.Matthews@cfpb.gov

*Counsel for Defendants the Consumer Financial Protection Bureau and Russell Vought*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of this Motion to Stay Proceedings was filed electronically through the Court's ECF system.

DATE: February 12, 2025                                                         /s/ Amanda J. Krause

## **CERTIFICATE OF CONFERENCE**

      Pursuant to Local Rule 7.1(D), I hereby certify that on February 7, 2025, I conferred with counsel for Plaintiffs, Sarah Auchterlonie, by email and attempted to reach her by telephone. The parties were unable to reach an agreement on the relief sought in this Motion to Stay Proceedings, and thus Plaintiffs oppose this Motion.

DATE: February 12, 2025                                                         /s/ Amanda J. Krause