UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ACA INTERNATIONAL and SPECIALIZED COLLECTION SYSTEMS, INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> CONSUMER FINANCIAL PROTECTION BUREAU and RUSSELL VOUGHT, in his official capacity as Acting Director of the CFPB, <br><br> *Defendants*. | No. 4:25-cv-00094 |

**STATUS REPORT AND**
**UNOPPOSED MOTION TO CONTINUE STAY OF PROCEEDINGS**

Defendants the Consumer Financial Protection Bureau and Russell Vought, in his official capacity as Acting Director of the Bureau, respectfully move to continue the stay of this litigation until seven days following an order resolving the joint motion for entry of a consent judgment that is pending in *Cornerstone Credit Union League, et al. v. Consumer Financial Protection Bureau, et al.*, No. 4:25-cv-00016-SDJ (E.D. Tex.). The effective date of the rule challenged by Plaintiffs in this action, "Prohibition on Creditors and Consumer Reporting Agencies Concerning Medical Information (Regulation V)" (Rule), 90 Fed. Reg. 3276 (Jan. 14, 2025), has already been stayed until July 28, 2025 by the court in *Cornerstone*, and Defendants have already sought vacatur of the Rule in that case. Because resolution of the pending motion in *Cornerstone* may moot these proceedings, to conserve the Parties' and this Court's resources, Defendants respectfully request that the Court stay these proceedings. Plaintiffs ACA

1

International and Specialized Collection Systems, Inc. consent to this motion. Proposed Defendant-Intervenors, David Deeds, Tzedek DC, New Mexico Center on Law and Poverty, and Harvey Coleman—whose intervention motion has not been adjudicated—oppose the motion.

## I.     Nature and Stage of the Proceedings

Plaintiffs initiated this action on January 8, 2025 challenging the validity of the Rule on multiple grounds. *See* Compl., ECF No. 1. On January 24, Plaintiffs moved for a preliminary injunction, seeking to stay the Rule pursuant to 5 U.S.C. § 705. *See* Mot. at 6, ECF No. 14.

An earlier-filed action challenging the same Rule is pending in the U.S. District Court for the Eastern District of Texas. *See Cornerstone*, No. 4:25-cv-00016-SDJ. On February 6, 2025, that court stayed the Rule for 90 days, pursuant to 5 U.S.C. § 705, thereby extending the Rule's effective date from March 17, 2025 until June 15, 2025—and correspondingly stayed that litigation for 90 days. *See Cornerstone*, No. 4:25-cv-00016-SDJ, ECF No. 24 (Feb. 6, 2025) (attached as Exhibit A).

In this matter, on February 12, Proposed Defendant-Intervenors filed a motion to intervene to defend the Rule. ECF No. 23. The same proposed intervenors have also sought to intervene in the *Cornerstone* case.

After the *Cornerstone* court stayed the effective date of the Rule for 90 days, this Court issued an order on February 13 staying this matter for 90 days and ordering Defendants to file regular status reports stating its position as to the enforceability of the Rule. ECF No. 28. Any opposition to Plaintiffs' motion for preliminary injunction is currently due May 15.

## II.     Statement of Relevant Facts

On April 30, the plaintiffs and defendants in *Cornerstone* filed a Joint Motion for Entry of Consent Judgment, seeking vacatur of the Rule. *Cornerstone*, No. 4:25-cv-00016-SDJ, ECF

No. 31 (attached as Exhibit B). On May 6, the *Cornerstone* plaintiffs, defendants, and proposed defendant-intervenors filed a joint motion to grant proposed defendant-intervenors' motion to intervene, further delay the effective date of the Rule, and set a briefing schedule on the Joint Motion for Entry of Consent Judgment and for defendant-intervenors to file an opposition to the *Cornerstone* plaintiffs' motion for preliminary injunction. *Id.*, ECF No. 33 (attached as Exhibit C). On May 9, the *Cornerstone* court granted in relevant part the parties' joint motion. *Id.*, ECF No. 36 (attached as Exhibit D). The *Cornerstone* court extended the effective date of the Rule until July 28, set a briefing schedule on the parties' pending motions, and scheduled oral argument on those motions for June 11. *Id.*

### III. Statement of Issues

The question presented in this motion is whether the Court should stay proceedings in this action, where Plaintiffs will face no prejudice from the stay, and a stay would conserve the parties' and judicial resources by allowing a challenge to the same Rule in an earlier-filed action to proceed, which may moot the issues presented in this case. The decision to stay a case is an issue left to this Court's discretion. *See Dominguez v. Hartford Fin. Servs. Grp., Inc.*, 530 F. Supp. 2d 902, 905 (S.D. Tex. 2008).

### IV. Summary of Argument

Defendants have already sought vacatur of the Rule in the *Cornerstone* matter and the effective date of the Rule has already been extended to July 28. Plaintiffs will suffer no prejudice if this action is stayed pending resolution of the pending motion for entry of a consent judgment in *Cornerstone* that, if granted, will moot this action.

### V.     Argument

"A district court has the inherent power to stay cases to control its docket and promote efficient use of judicial resources." *Coker v. Select Energy Servs., LLC*, 161 F. Supp. 3d 492, 494–95 (S.D. Tex. 2015). The decision on whether to stay a pending matter "is ordinarily within the trial court's wide discretion to control the course of litigation[.]" *Dominguez*, 530 F. Supp. 2d at 905. In determining whether to grant a stay, courts in this district generally consider three factors: "(1) the potential prejudice to plaintiffs from a brief stay; (2) the hardship to defendants if the stay is denied; and (3) the judicial efficiency in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Coker*, 161 F. Supp. 3d at 495. Each of these factors counsels in favor of granting a stay of this action.

First, because the effective date of the Rule has already been stayed until July 28, Plaintiffs will not suffer prejudice in staying this litigation pending resolution of the pending joint motion for consent judgment in *Cornerstone*.

Second, Defendants and the public would face significant hardship if a stay were not granted. Opposition to Plaintiffs' Motion for Preliminary Injunction in this case is due May 15, but Defendants have already sought vacatur of the Rule in the *Cornerstone* case. Proceeding in this action could unnecessarily waste government resources while the motions pending in *Cornerstone* are litigated.

Third, a stay will promote judicial efficiency, as it may allow the Court to avoid having to make determinations about an agency regulation that may be vacated by an earlier-filed matter.

## VI. Conclusion

For the foregoing reasons, Defendants respectfully request that the Court extend the stay of this litigation until seven days following a ruling on the pending joint motion for consent judgment in *Cornerstone*.

Date: May 13, 2025

Respectfully submitted,

MARK PAOLETTA
  *Chief Legal Officer*
DANIEL SHAPIRO
  *Deputy Chief Legal Officer*
VICTORIA DORFMAN
  *Senior Legal Advisor*

/s/ Amanda J. Krause
Amanda J. Krause (N.Y. Reg. No. 5323357)
Andrea J. Matthews (M.A. Bar No. 694538)
  *Senior Counsel*
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552
(202) 435-7965 (phone)
(202) 435-7024 (fax)
Amanda.Krause@cfpb.gov

*Counsel for Defendants the Consumer Financial Protection Bureau and Russell Vought*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of this Status Report and Unopposed Motion to Continue Stay of Proceedings was filed electronically through the Court's ECF system.

DATE: May 13, 2025                                                                                            /s/ Amanda J. Krause

## CERTIFICATE OF CONFERENCE

      Pursuant to Local Rule 7.1(D), I hereby certify that on May 9, 12, and 13, 2025, I conferred with counsel for Plaintiffs, Sarah Auchterlonie, and counsel for Proposed Defendant-Intervenors, Jennifer Wagner, by email. Plaintiffs consent to this motion. Proposed Defendant-Intervenors oppose the motion.

DATE: May 13, 2025                                                                                           /s/ Amanda J. Krause