UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ACA INTERNATIONAL and SPECIALIZED COLLECTION SYSTEMS, INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> CONSUMER FINANCIAL PROTECTION BUREAU and RUSSELL VOUGHT, in his official capacity as Acting Director of the CFPB, <br><br> *Defendants*. | No. 4:25-cv-00094 |

**UNOPPOSED MOTION TO CONTINUE STAY OF PROCEEDINGS**

Defendants the Consumer Financial Protection Bureau and Russell Vought, in his official capacity as Acting Director of the Bureau, respectfully move to continue the stay of this litigation. The rule challenged by Plaintiffs in this action, "Prohibition on Creditors and Consumer Reporting Agencies Concerning Medical Information (Regulation V)" (Rule), 90 Fed. Reg. 3276 (Jan. 14, 2025), has been vacated by the court in *Cornerstone Credit Union League, et al. v. Consumer Financial Protection Bureau, et al.*, No. 4:25-cv-00016-SDJ (E.D. Tex.). *See* No. 4:25-cv-00016-SDJ, ECF Nos. 52, 53 (attached as Exhibits A & B). Because the Rule has already been vacated, Plaintiffs will suffer no prejudice by continuing the stay of this action. An extension of the stay in this case will avoid unnecessary expenditure of the Parties' or the Court's resources while Plaintiffs determine whether they will continue prosecuting this case.

1

## I.     Nature and Stage of the Proceedings

Plaintiffs initiated this action on January 8, 2025 challenging the validity of the Rule on multiple grounds. *See* Compl., ECF No. 1. On January 24, Plaintiffs moved for a preliminary injunction, seeking to stay the Rule pursuant to 5 U.S.C. § 705. *See* Mot. at 6, ECF No. 14. On February 12, Proposed Defendant-Intervenors filed a motion to intervene to defend the Rule. ECF No. 23. The same proposed intervenors intervened in the *Cornerstone* case.

On May 14, this Court stayed this matter until seven days following a ruling on the then-pending Joint Motion for Entry of Consent Judgment in the *Cornerstone* matter. ECF No. 39. On July 11, the *Cornerstone* court entered final judgment vacating the Rule. *See* Exhibit B. Accordingly, the stay of this matter expires today, July 18, and any opposition to Plaintiffs' motion for preliminary injunction is therefore currently due July 21.

## II.    Statement of Relevant Facts

On April 30, the plaintiffs and defendants in *Cornerstone* filed a Joint Motion for Entry of Consent Judgment, seeking vacatur of the Rule. *Cornerstone*, No. 4:25-cv-00016-SDJ, ECF No. 31 (attached as Exhibit C). On May 9, the *Cornerstone* court granted a motion to intervene and set a briefing schedule on the pending motions in that action, *id.*, ECF No. 36 (attached as Exhibit D), and subsequently heard argument on the parties' Joint Motion for Consent Judgment.

On July 11, the *Cornerstone* court granted the parties' Joint Motion for Consent Judgment and vacated the Rule. *See* Exhibits A & B.

## III.   Statement of Issues

The question presented in this motion is whether the Court should stay proceedings in this action, where Plaintiffs will face no prejudice from the stay, and a stay would conserve the parties' and judicial resources. The decision to stay a case is an issue left to this Court's

discretion. *See Dominguez v. Hartford Fin. Servs. Grp., Inc.*, 530 F. Supp. 2d 902, 905 (S.D. Tex. 2008).

## IV.    Summary of Argument

The Rule Plaintiffs challenge in this action has already been vacated by the court in the *Cornerstone* matter. Plaintiffs will suffer no prejudice if the stay of this action is continued.

## V.    Argument

"A district court has the inherent power to stay cases to control its docket and promote efficient use of judicial resources." *Coker v. Select Energy Servs., LLC*, 161 F. Supp. 3d 492, 494–95 (S.D. Tex. 2015). The decision on whether to stay a pending matter "is ordinarily within the trial court's wide discretion to control the course of litigation[.]" *Dominguez*, 530 F. Supp. 2d at 905. In determining whether to grant a stay, courts in this district generally consider three factors: "(1) the potential prejudice to plaintiffs from a brief stay; (2) the hardship to defendants if the stay is denied; and (3) the judicial efficiency in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Coker*, 161 F. Supp. 3d at 495. Each of these factors counsels in favor of granting a stay of this action.

First, because the Rule challenged by Plaintiffs has already been vacated by the *Cornerstone* court, Plaintiffs will not suffer prejudice in continuing the stay of this litigation.

Second, Defendants and the public would face significant hardship if a stay were not granted. Opposition to Plaintiffs' Motion for Preliminary Injunction in this case is due July 21 and the deadlines to file an answer or move to dismiss are also approaching. Requiring the Parties to proceed in this action would unnecessarily waste resources where the Rule has already been vacated in an earlier-filed action.

Third, a stay will promote judicial efficiency, as it will allow the Court to avoid continued motions practice in this action about an agency regulation that has already been vacated.

To prevent this case from languishing on the Court's docket, however, Defendants propose that the Court order the Parties, within 90 days of any order on this motion, to file a status report to notify the Court whether the Parties intend to continue to litigate this case.

## VI.    Conclusion

For the foregoing reasons, Defendants respectfully request that the Court extend the stay of this litigation.

Date: July 18, 2025

Respectfully submitted,

MARK PAOLETTA
    *Chief Legal Officer*
DANIEL SHAPIRO
    *Deputy Chief Legal Officer*
VICTORIA DORFMAN
    *Senior Legal Advisor*

/s/ Amanda J. Krause
Amanda J. Krause (N.Y. Reg. No. 5323357)
Andrea J. Matthews (M.A. Bar No. 694538)
    *Senior Counsel*
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552
(202) 435-7965 (phone)
(202) 435-7024 (fax)
Amanda.Krause@cfpb.gov

*Counsel for Defendants the Consumer Financial Protection Bureau and Russell Vought*

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of this Motion to Continue Stay of Proceedings was filed electronically through the Court's ECF system.

DATE: July 18, 2025                                                           /s/ Amanda J. Krause

## **CERTIFICATE OF CONFERENCE**

    Pursuant to Local Rule 7.1(D), I hereby certify that on July 18, 2025, counsel for Defendants conferred with Plaintiffs and counsel for Proposed Defendant-Intervenors by telephone. Neither Plaintiffs nor Proposed Defendant-Intervenors oppose this Motion.

DATE: July 18, 2025                                                           /s/ Amanda J. Krause